**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MIGUEL ANGEL FERNANDEZ,
*Defendant-Appellant.*

No. 01-4006

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-56-V)

Submitted: December 12, 2001

Decided: January 9, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant. Douglas Scott Broyles, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pursuant to a valid plea agreement, Miguel A. Fernandez, pled guilty to conspiracy to possess with intent to distribute cocaine, distribution of cocaine, possession of a firearm during a drug trafficking crime, and attempted escape. Fernandez received a 157-month prison term. Fernandez's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises three issues: (1) whether Fernandez waived his right to an appeal; (2) whether Fernandez's plea was voluntary; and (3) whether the district court erred in not granting Fernandez a three-level downward adjustment for being a minimal participant. Fernandez has also filed a supplemental pro se brief raising additional issues. We dismiss the appeal based upon his waiver of appellate rights contained in his plea agreement.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Fernandez's plea agreement contained such a waiver. Our review of the plea agreement and the record of the plea colloquy reveal that Fernandez's waiver was knowing and voluntary. The sentence did not exceed the statutory maximum penalty and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Moreover, the sentence was not imposed pursuant to proceedings conducted in violation of Fernandez's right to counsel. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). We therefore dismiss the appeal based upon the waiver of appellate rights.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Coun-

sel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*